IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00480-ZLW

MONTGOMERY CARL AKERS,

     Plaintiff,

v.

ZITA L. WEINSHIENK,
RON WILEY,
ROBERT BAUER,
JERRY JONES,
MR. LORINCZ,
MARK COLLINS, and
GEORGE KNOX,

     Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 4 2009

GREGORY C. LANGHAM
                 CLERK

_____

ORDER DENYING MOTION TO RECUSE

_____

Plaintiff has filed ***pro se*** on March 31, 2009, a motion asking the Court to recuse

in the instant action.  Plaintiff asserts the motion to recuse pursuant to 28 U.S.C. § 455.

For the reasons stated below, the Court will deny the motion to recuse.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned."  The goal of this

provision is to avoid even the appearance of partiality.  ***See Liljeberg v. Health Servs.***

***Acquisition Corp.***, 486 U.S. 847, 860 (1988).  Pursuant to § 455, the Court is not

required to accept all factual allegations as true "and the test is whether a reasonable

person, knowing all the relevant facts, would harbor doubts about the judge's

impartiality."  ***Glass v. Pfeffer***, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation

marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Plaintiff's motion is premised on the fact that the undersigned district judge is a named Defendant in this action. Pursuant to § 455(b)(5)(i), a judge shall disqualify herself when the judge "[i]s a party to the proceeding." However, the United States Court of Appeals for the Tenth Circuit long has held that "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977). This rule is consistent with the well-established principle that the recusal rules are meant to be self-enforced by the judge. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). The rule also is consistent with the Tenth Circuit's mandate that "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (per curiam)).

Other courts have explained further the justification for non-mandatory recusal in the situation when the judicial officer has been named as a party. In *Tamburro v. City of East Providence*, Nos. 92-1321, 92-1322, 92-1323 & 92-1324, 1992 WL 380019 (1st Cir. Dec. 18, 1992) (per curiam), the plaintiff sought recusal of the presiding judge based on his assertion that the judge was an unnamed "John Doe" defendant. The First Circuit held that the plaintiff's allegations were "too nebulous to render [the judge] a 'party' for the purposes of § 455." *Id.* at *1. However, the opinion went further,

2

stating that:

> recusal would not have been mandatory under § 455(b)
> even if [the judge] had been a named defendant. In order to
> guard against "judge-shopping," "courts have refused to
> disqualify themselves under Section 455(b)(5)(i) unless
> there is a legitimate basis for suing the judge." *Anderson v.*
> *Roszkowski*, 681 F.Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd*,
> 894 F.2d 1338 (7th Cir. 1990) (table); *see also, e.g., United*
> *States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) (suit against
> judge separate from case at bar; "It cannot be that an
> automatic recusal can be obtained by the simple act of suing
> the judge."); *United States v. Studley*, 783 F.2d 934, 940
> (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit
> or threatened suit against him"); *United States v. Grismore*,
> 564 F.2d 929, 933 (10th Cir. 1977) (same).

*Id.*; *see also In re Murphy*, 598 F. Supp.2d 121, 124 (D. Me. 2009) (citing *Tamburro*

for the recusal standard in the First Circuit).

A district court decision from the Western District of New York provides

additional analysis for why recusal is not mandatory under § 455(b)(5)(i). *See Jones v.*

*City of Buffalo*, 867 F. Supp. 1155 (W.D.N.Y. 1994). In *Jones*, the judge had entered

an unfavorable decision against the plaintiff. The plaintiff apparently decided that this

unfavorable decision indicated the judge "too was part of the elaborate 'conspiracy' that

he has alleged" and desired to add the judge to the complaint. *Id.* at 1163. Concurrent

with this request, the plaintiff moved for recusal of the judge under § 455. The judge

denied the recusal request, reasoning as follows:

> In my view, this tactic of suing federal judges and
> then seeking their disqualification is nothing more than a
> tactic to delay and frustrate the orderly administration of
> justice. Judges should not be held hostage to this kind of
> tactic and automatically recuse themselves simply because
> they or their fellow judges on the court are named
> defendants in a truly meritless lawsuit. . . . [Section 455] has

3

> been repeatedly construed by the courts as not requiring
> automatic disqualification of a judge in circumstances such
> as this. . . .  Otherwise, § 455 could be used as a vehicle to
> engage in judge-shopping, and to "manipulate the identity of
> the decision maker."  To let such a motion succeed absent a
> legally sufficient basis would allow any litigant to thwart the
> legal process by merely filing a complaint against the judge
> hearing the case. . . .  It is clear that a judge is not
> disqualified under 28 U.S.C. § 455 merely because a litigant
> sues him.  I am convinced that if I disqualify myself and the
> case is reassigned to one of the few remaining judges in this
> district who have not yet been named as a defendant, if they
> rule contrary to Jones [sic] perceived interests, eventually
> they will also be named as a defendant.

*Id.*

Finally, ***Nottingham v. Acting Judges of Dist. Court***, No. 1:06-CV-115-DFHVSS, 2006 WL 1042761 (S.D. Ind. Mar. 24, 2006), is similar to the situation often encountered in the ***pro se*** context, in which a judge is sued based on orders entered in a prior case.  The plaintiff in ***Nottingham*** sued all judges in the district, which included the judge handling the case.  Judge Hamilton found "[t]he nearly incoherent complaint shows clearly only that [the plaintiff] is frustrated by the results of other lawsuits and encounters with the state and federal courts."  ***Id.*** at *1.  The order continues:

> The complaint follows a pattern that is, unfortunately, not
> rare.  A party who is frustrated with the legal system
> launches an endless series of unsuccessful lawsuits.  Each
> succeeding lawsuit complains about the result of the prior
> ones and names as defendants anyone who was involved in
> any way with the prior lawsuits, including the lawyers and the
> judges.  It does not take too long on the job before a district
> judge encounters complaints that name as defendants all
> members of the Supreme Court of the United States, all
> members of the regional Court of Appeals, all members of
> the District Court, and/or all members of the state's Supreme
> Court. . . .

4

> Judges need not indulge this pattern by automatically
> disqualifying themselves every time their names appear in a
> case caption or a complaint.

*Id.* *Nottingham* discussed and agreed with the reasoning in *Jones* and *Grismore* in denying the motion to recuse.

The Court is aware of the recent unpublished decision of the Tenth Circuit in *Young v. United States*, No. 07-1314, 2009 WL 624076 (10th Cir. Mar. 12, 2009), that reaches a contrary result. In *Young*, the Tenth Circuit determined that the undersigned district judge violated § 455(b)(5)(i) by failing to recuse from an action in which the undersigned district judge was a named Defendant. More specifically, the Tenth Circuit stated that "[u]nder 28 U.S.C. § 455(b)(5)(i), a judge must recuse herself when she is a party to the proceeding, and this mandatory provision required Judge Weinshienk to recuse herself." *Id.* at *7. The Tenth Circuit "urge[d] Judge Weinshienk to follow the plain command in § 455(b)(5)(i) and recuse herself from any future cases in which she is named as a party," *id.*, but ultimately deemed the error in that case harmless.

The statement in *Young* that recusal is mandatory whenever a judge is named as a Defendant appears to conflict with a prior published decision of the Tenth Circuit. *See Grismore*, 564 F.2d at 933. Since *Young* is unpublished, it is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1. Therefore, in order to promote judicial efficiency and to alleviate judge shopping concerns, the Court respectfully declines to follow *Young* and finds that recusal is not mandatory based solely on the appearance of a judge's name in the caption. Recusal is appropriate in this case only if

the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

In the instant action, Plaintiff alleges that prison officials have been deliberately indifferent to his serious dental needs in violation of his Eighth Amendment rights. Plaintiff's claim against the Court is based on his vague and conclusory allegation that the Court has engaged in a conspiracy with prison officials and the clerk of the Court to deny Plaintiff access to the court in the District of Colorado by ordering that all of Plaintiff's cases be assigned to this Court. Implicit in this argument is Plaintiff's dissatisfaction with the Court's rulings in his prior cases.

The Court finds that Plaintiff's disagreement with the Court's prior rulings is not a proper basis for recusal. Furthermore, Plaintiff's argument is based on a faulty factual premise. Pursuant to the local rules for the District of Colorado, the undersigned district judge has been designated to review prisoner pleadings to determine whether the pleadings should be dismissed summarily. *See* D.C.COLO.LCivR 8.2C. Therefore, the motion to recuse will be denied because the Court does not find that the Court's impartiality reasonably might be questioned in this action. Accordingly, it is

ORDERED that the motion to recuse filed on March 31, 2009, is denied.

DATED at Denver, Colorado, this __23__ day of _____*April*_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00480-ZLW

Montgomery Carl Akers
Reg. No. 02866-081
ADX - Florence
PO Box 8500
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on _4/24/09_

GREGORY C. LANGHAM, CLERK

By: _____
                             Deputy Clerk