IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00480-BNB

MONTGOMERY CARL AKERS,

    Plaintiff,

v.

ZITA L. WEINSHIENK,
RON WILEY,
ROBERT BAUER,
JERRY JONES,
MR. LORINCZ,
MARK COLLINS, and
GEORGE KNOX,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 0 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Montgomery Carl Akers initiated this action by submitting to the Court *pro se* a "Motion for Leave to Proceed In Forma Pauperis and Commence a Civil Action Per Order of This Court by Plaintiff in Pro Se 94-B-2445 (D. Colo. June 20, 1995)," a "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915," and a "Prisoner Complaint." In an order filed on March 6, 2009, Senior Judge Zita L. Weinshienk entered an order denying Mr. Akers leave to proceed *pro se* and dismissing the action pursuant to a sanction order that restricts Mr. Akers' ability to file *pro se* actions in this Court. Judge Weinshienk's order was reversed by the United States Court of Appeals for the Tenth Circuit and the case was remanded to this Court for reassignment to a judge who is not named as a party in the complaint. The Tenth

Circuit did not address the issue of whether Mr. Akers should be allowed to proceed *pro se* in this action. In an order filed on January 14, 2010, this action was reinstated and reassigned to the *pro se* docket. For the reasons stated below, the complaint and the action will be dismissed.

As noted above, Mr. Akers is subject to a sanction order that restricts his ability to file *pro se* actions in this court. **See Akers v. Sandoval**, No. 94-cv-02445-LTB (D. Colo. June 20, 1995); *aff'd*, 100 F.3d 967 (10th Cir. 1996). In 94-cv-02445-LTB, Mr. Akers was

> enjoined and prohibited from initiating any civil action in the United States District Court for the District of Colorado without representation by an attorney licensed to practice in the State of Colorado or duly admitted to practice in the United States District Court for the District of Colorado unless he first obtains leave of court to proceed pro se.

*Id*. at 3. Mr. Akers alleges in his "Motion for Leave to Proceed In Forma Pauperis and Commence a Civil Action Per Order of This Court by Plaintiff in Pro Se 94-B-2445 (D. Colo. June 20, 1995)" that he is attempting to hire an attorney to represent him in this action. However, he is not represented by counsel at this time. Furthermore, although Mr. Akers has filed a motion seeking leave of court to proceed *pro se* in accordance with the sanction order, that motion will be denied.

The Court finds that the motion seeking leave to proceed *pro se* must be denied for the reasons specified by Judge Weinshienk in her March 6, 2009, order. First, the motion seeking leave to proceed *pro se* should be denied because Mr. Akers' motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is deficient. Mr. Akers did not submit a certified copy of his inmate trust fund account statement for

the six-month period immediately preceding the filing of the complaint as required pursuant to 28 U.S.C. § 1915(a)(2).

The Court also agrees that the motion seeking leave to proceed *pro se* should be denied because Mr. Akers failed to accurately complete the Court's Prisoner Complaint form. Section E of the Court's Prisoner Complaint form specifically asks whether the prisoner has filed any prior lawsuits while incarcerated and directs the prisoner to provide certain information regarding each prior lawsuit. Mr. Akers lists a total of ten prior lawsuits in response to this question, including two prior lawsuits in this Court. However, the Court's docketing records indicate that, prior to filing the instant action, Mr. Akers had filed twelve lawsuits in this Court alone, including eight since April 2007. In addition, the Court has searched the U.S. Party/Case Index in PACER (Public Access to Court Electronic Records), and discovered that Mr. Akers has not listed all of the lawsuits he has filed in various federal district courts outside the District of Colorado. The Court's research also indicates that Mr. Akers was incarcerated when he filed most, if not all, of these prior lawsuits. Furthermore, even for the lawsuits Mr. Akers does list in the Prisoner Complaint, he does not specify the claims raised in each prior lawsuit as directed. As a result, the Court finds that the list of cases provided by Mr. Akers in Section E of the Court's Prisoner Complaint form is not a complete and accurate response.

Finally, the motion seeking leave to proceed *pro se* also will be denied because the Prisoner Complaint substantively is deficient. Mr. Akers asserts two claims for relief against six prison officials and Judge Weinshienk. He first claims that his Eighth

Amendment rights have been violated because he has been denied adequate dental treatment while incarcerated. In his second claim, he alleges that he has been denied due process because Judge Weinshienk has colluded with prison officials and the clerk of the Court to have all cases filed by Mr. Akers assigned to Judge Weinshienk. Mr. Akers asserts his claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In order to succeed in a *Bivens* action, Mr. Akers must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

The Prisoner Complaint is deficient because Mr. Akers fails to allege specific facts in support of his vague and conclusory claims to demonstrate that each Defendant personally participated in the asserted violations of his constitutional rights. Although the Prisoner Complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Furthermore, Mr. Akers' conclusory allegation that Judge Weinshienk colluded with prison officials is not sufficient to state a valid constitutional claim against her. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). In order to state a claim in federal court, Mr. Akers "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). He has failed to do so.

Given the lack of specific facts in support of his vague and conclusory claims in the Prisoner Complaint, the Court does not agree with Mr. Akers' contention that his complaint "is not filed for the purposes of any malicious intent." (Motion for Leave to Proceed in Forma Pauperis and Commence a Civil Action Per Order of This Court by Plaintiff in Pro Se 94-B-2455 (D. Colo. June 20, 1995) at 2-3. Therefore, the motion to proceed **pro se** will be denied. Accordingly, it is

ORDERED that the "Motion for Leave to Proceed in Forma Pauperis and Commence a Civil Action Per Order of This Court by Plaintiff in Pro Se 94-B-2445 (D. Colo. June 20, 1995)" is denied. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that the "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" is denied as moot.

DATED at Denver, Colorado, this 20th day of January, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL, Chief Judge
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00480-BNB

Montgomery Carl Akers
Reg. No. 02866-081
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/20/10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk